IN THE UNITED STATES DISTRICT COURTS

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| KEVIN SHAWN BLYDEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 107-031 |
| ) | (Formerly CR 198-049) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Kevin Shawn Blyden has filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the United States of America ("the Government").

### I. BACKGROUND

On September 12, 2000, Petitioner pled guilty to one (1) count of conspiracy to import more than five (5) kilograms of cocaine hydorchloride and more than fifty (50) grams of cocaine base, commonly known as crack, in violation of 21 U.S.C. § 963. United States v. Blyden, CR198-049 (S.D. Ga. Oct. 8, 1998), *hereinafter* "CR198-049," doc. no. 308. The Honorable Dudley H. Bowen, Jr., United States District Judge, sentenced Petitioner to 144 months of imprisonment, to be followed by five 5 years of supervised release, and a $100 special assessment. Id., doc. no. 361. Petitioner appealed his conviction and sentence, arguing that: (1) the district court erred by failing to *sua sponte* grant him a sentencing

reduction based on his role in the offense under U.S.S.G. § 3B1.2; (2) the district court erred by assessing a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm; (3) the district court erred by failing to sentence him in accordance with the "safety valve" provision, U.S.S.G. § 5C1.2; (4) the district court erred by failing to downwardly depart under U.S.S.G. § 5K2.0; and (5) he received ineffective assistance of trial counsel because his counsel failed to raise the aforementioned issues at sentencing. CR198-049, doc. no. 534, p. 3. On February 25, 2003, the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence. Id. at 14.

On July 12, 2003, the Government protectively filed, for the purpose of tolling the limitations period, a "Rule 35(b) Motion for Reduction of Sentence,"[1] which was granted by Judge Bowen. Id., doc. nos. 432 & 436. Following an evidentiary hearing, where Judge Bowen heard from counsel for the Government and Petitioner,[2] Petitioner's sentence was reduced from 144 to 132 months. Id., doc. no. 616. Petitioner filed a motion to reconsider, which was denied. Id., doc. nos. 618 & 621. Petitioner appealed, arguing that his reduced sentence was illegally imposed because: (1) the district court ignored his request to proceed *pro se* and allowed Mr. Axam to represent him at the Federal Rule 35(b) Hearing; (2) he

---

[1] Federal Rule of Criminal Procedure ("Federal Rule") 35(b) states, in pertinent part, "Upon the [G]overnment's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1).

[2] At the Federal Rule 35(b) Hearing, Petitioner was represented by Mr. Tony Axam, who testified, *inter alia*, "I got the impression [from the conversation I had with Petitioner this morning] that [Petitioner] wanted to go forward with this hearing.... So, I think I have the full authority from [Petitioner] to go forward" CR198-049, doc. no. 625, pp. 4-5. In this regard, Judge Bowen explained that, despite prior issues between Petitioner and Mr. Axam, "both the Eleventh Circuit and this district court have required Mr. Ax[a]m to continue his role as counsel." Id. at 6. Ultimately, Judge Bowen determined, "Mr. Ax[a]m should continue his representation and has authorization from [Petitioner] to do so." Id.

2

received ineffective assistance of counsel at the Federal Rule 35(b) Hearing; and (3) the district court reduced his sentence without his presence at the Federal Rule 35(b) Hearing. Id., doc. no. 632, pp. 5-7. On December 14, 2006, the Eleventh Circuit Court of Appeals affirmed Petitioner's sentence.[3] Id. at 8.

In the above-captioned § 2255 motion, Petitioner again argues that he received ineffective assistance of counsel at his Federal Rule 35(b) Hearing.[4] (Doc. no. 1, p. 4). Conversely, the Government argues, "[B]ecause [Petitioner] was not constitutionally entitled to counsel at his Rule 35(b) proceeding, *a fortiorari*, he was not denied effective assistance of counsel at that proceeding." (Doc. no. 3, p. 7 (citations omitted)). Having summarized the procedural history and the parties' contentions, the Court resolves the matter as follows.

---

[3]Specifically, the Eleventh Circuit held that Petitioner's conduct, subsequent to the request to proceed *pro se*, demonstrated a clear intention to abandon his request, and thus, the district court did not violate his right to self-representation. CR198-049, doc. no. 632, p. 5. Furthermore, the Eleventh Circuit concluded that Petitioner did not have a constitutional right to be at the Federal Rule 35(b) Hearing. Id. at 7. Finally, although it declined to address Petitioner's ineffective assistance of counsel claim because the record had not been sufficiently developed, the Eleventh Circuit noted that two other circuits have held that defendants do not have a constitutional right to counsel in Federal Rule 35(b) proceedings. Id. at 5-6.

[4]Petitioner submits,

> Mr. Axam . . . was allowed to appear [o]n behalf of [Petitioner] -- with neither his consent, knowledge, and indeed over his strong objection and his expressed prior notice to the Court that his discredited former counsel [] did not and could not represent him. [Petitioner] informed the Court that Axam was adverse to him, since he was a defendant in a lawsuit in civil court against Axam. Axam was found in a previous hearing by the District Court to have lied and decieved [sic] the Court.

(Doc. no. 1, p. 4).

3

## II. DISCUSSION

**A.     No Need for Evidentiary Hearing**

In the Eleventh Circuit, the general rule is "that [in]effective assistance [of counsel] claims will not be addressed on direct appeal from a criminal conviction because an evidentiary hearing, available in a section 2255 proceeding, is often required for development of an adequate record." Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Nonetheless, this general rule does not require the Court to hold an evidentiary hearing every time an ineffective assistance of counsel claim is raised. Id. Stated another way:

> Notwithstanding this legislative mandate, it is well settled that a petitioner does not establish his right to a hearing by the simple expedient of filing a petition. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.

Stephens v. United States, 14 F. Supp. 2d 1322, 1334 (N.D. Ga. 1998) (citation omitted); see also Powell v. United States, No. 03-10389, slip op. at 2-3 (11th Cir. Dec. 2, 2003) (requiring evidentiary hearing on § 2255 motion unless record "conclusively" shows that petitioner is entitled to no relief).

As discussed, *infra*, the Court finds that, because Petitioner's ineffective assistance of counsel claim fails as a matter of law, no evidentiary hearing is necessary in this case.

**B.     Petitioner's Ineffective Assistance of Counsel Claim Fails as a Matter of Law**

Because Petitioner did not have a constitutional right to counsel at his Federal Rule 35(b) Hearing, his ineffective assistance of counsel claim fails as a matter of law. Although the Sixth Amendment guarantees the right to counsel at every stage of a criminal proceeding where the accused's substantial rights may be affected, Mempa v. Rhay, 389 U.S. 128, 134

4

(1967), the right to effective post-trial or appellate counsel is analyzed under the Due Process Clause.[5] See Coleman v. Thompson, 501 U.S. 722, 756 (1991) (citations omitted) (explaining, *inter alia*, that the Due Process Clause does not require states to provide counsel in discretionary appeals when there has already been one appeal as of right); Ross v. Moffitt, 417 U.S. 600, 610 (1974) (holding that the Due Process Clause does not require states to provide defendants with counsel during their discretionary appeals). In this regard, "neither the Constitution's equal protection guarantees nor due process guarantees provide criminal defendants a right to effective assistance of counsel with respect to a motion by the government pursuant to Rule 35(b)." Taylor, 414 F.3d at 536; see also Palomo, 80 F.3d at 142 ("The fact that a Rule 35(b) sentence reduction affects the inmate's sentence is of itself insufficient to trigger a due process right to counsel . . . . The district court did not err in finding that [the defendant] did not have a Sixth Amendment or due process right to counsel with respect to his Rule 35(b) motion."); United States v. Jackson, Cr. No. 2:95cr174-WHA, 2007 WL 1125646, at *2 (M.D. Ala. Apr. 16, 2007) (holding that the defendant's due process claim based on a lack of counsel at his Federal Rule 35(b) Hearing was unpersuasive). Simply put, because the Eleventh Circuit had previously affirmed Petitioner's

---

[5]The Court recognizes that the Eleventh Circuit has not addressed the issue of whether defendants have a constitutional right to counsel in Federal Rule 35(b) proceedings. United States v. Blyden, 210 Fed. Appx. 928, 930 n.2 (11th Cir. 2006) (*per curiam*). However, as previously noted, the Eleventh Circuit has explicitly noted, "[T]wo other circuits have held that the Constitution does not require that defendants be represented by counsel during Rule 35(b) proceedings." Id. (citing United States v. Taylor, 414 F.3d 528 (4th Cir. 2005) and United States v. Palomo, 80 F.3d 138 (5th Cir. 1996)). Furthermore, the Eleventh Circuit has held that prisoners have no constitutional right to the appointment of counsel for postconviction proceedings. Arthur v. Allen, 452 F.3d 1234, 1249 (11th Cir. 2006). In this regard, the Eleventh Circuit has also explained that, "once the direct appeals process is completed," the Supreme Court is reluctant to find a due process right to counsel. Barbour v. Haley, 471 F.3d 1222, 1229 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 2996 (U.S. June 18, 2007) (citations omitted).

conviction and sentence, Petitioner did not have a constitutional right to counsel at his Federal Rule 35(b) Hearing, and therefore, his ineffective assistance of counsel claim fails as a matter of law. See Evitts v. Lucey, 469 U.S. 387, 397 n.7 (1985) ("Of course, the right to effective assistance of counsel is dependent on the right to counsel itself."); Wainwright v. Torna, 455 U.S. 586, 587-88 (1982) (*per curiam*) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel . . . ."); cf. Coleman, 501 U.S. at 725 ("Because there is no constitutional right to an attorney in state postconviction proceedings, . . . a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings . . . .").

In sum, because Petitioner did not have a constitutional right to counsel at his Federal Rule 35(b) Hearing, his ineffective assistance of counsel claim fails as a matter of law.[6] Furthermore, as Petitioner's ineffective assistance of counsel claim fails as a matter of law, no evidentiary hearing is necessary in this case.

---

[6]To the extent Petitioner again argues that the district court illegally imposed his sentence at the Federal Rule 35(b) Hearing because it ignored his request to proceed *pro se* and allowed Mr. Axam to represent him, such a claim would be procedurally barred. Claims that are raised and rejected on direct appeal are generally precluded from reconsideration in a § 2255 motion. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000), *cert. denied*, 531 U.S. 1131 (2001), (citations omitted). As the Seventh Circuit noted, "[W]e do not see how a federal prisoner--who must file his motion for relief under 2255 in the very court that convicted him--can be allowed to do so if all he is doing is rehashing a claim that had been rejected on the direct appeal." White v. United States, 371 F.3d 900, 902 (7th Cir. 2004). Nor will the Court reconsider a previously raised claim where it is merely a re-characterization of an issue raised on direct appeal. Nyhuis, 211 F.3d at 1343. Thus, Petitioner must show, to obtain review in this § 2255 proceeding of a previously raised claim, that there has been an intervening change in law since his appeal was decided and that a "complete miscarriage of justice" would occur if the claim is not considered in these proceedings. Davis v. United States, 417 U.S. 333, 346-47 (1974). As Petitioner makes no such argument, the Court declines to revisit the self-representation issue because it was rejected by the Eleventh Circuit on direct appeal.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's § 2255 motion be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Government.

SO REPORTED AND RECOMMENDED this 30th day of May, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE